IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| Jimmy J. Jernstad and | ) | |
| Pamela A. Jernstad, | ) | |
| | ) | Case No.: 11-cv-07974 |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| Green Tree Servicing, LLC, | ) | |
| | ) | Magistrate: |
| Defendant | ) | |


**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
ACT AND FOR VIOLATONS OF THE BANRUPTCY DISCHARGE INJUNCTION**


The Plaintiffs, Jimmy J. Jernstad and Pamela A. Jernstad (herein after "Plaintiffs"), through their attorney David Linde of The Fox Valley Legal Group, LLC, respectfully request that this Court issue a Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages against Green Tree Servicing, LLC. In support thereof, Plaintiffs state as follows:

This is a civil action whereby Plaintiffs seek Preliminary and Permanent Injunctive Relief enjoining Defendant, Green Tree Servicing, LLC., (hereafter "Green Tree") their agents, employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")). Further, Plaintiffs requests that Green Tree be held in contempt for violations of the Bankruptcy Discharge Injunction (11 U.S.C. §523). An actual controversy exists between the parties in that the challenged actions of the

Defendant have caused and will continue to cause the Plaintiffs substantial harm unless the requested relief is granted.

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. Venue is proper because the relevant events occurred within Kane County in the State of Illinois, which is located within the Northern District of Illinois.

3. This is an action brought by the Plaintiffs for violations of the above named Acts in connection with a debt that was discharged in Plaintiffs' bankruptcy and Green Tree's collection tactics in attempting to collect said debt. Thus, the Plaintiffs seek actual, statutory and punitive damages. Further, to the extent possible, Plaintiffs also seek injunctive and declaratory relief.

## PARTIES

4. The Plaintiffs are natural persons residing within Kane County, State of Illinois.

5. The Defendant, Green Tree Servicing, LLC, is a company based in St. Paul, Minnesota that owns and services mortgages for consumers in the State of Illinois.

## FACTS

6. On December 8, 2006, Plaintiffs received a home equity loan from Irwin Home Equity.

7.      On March 4, 2009, Plaintiffs entered into a loan modification agreement with Mortgage Electronic Registration Systems, Inc. as nominee for Irwin Union Bank and Trust Company. Part of that agreement stated that in addition to the principal balance owed at the time of the modification, there was also due "unpaid interest and fees".

8.      On April 27, 2009, Plaintiffs received notice that the servicing of their loan was being transferred from Irwin Home Equity to Green Tree Servicing, LLC. At the time that the servicing of the loan was transferred from Irwin Home Equity to Green Tree Servicing, LLC, Plaintiffs were not current with their loan payments as evidenced by the loan modification agreement entered into the previous month.

9.      On February 24, 2010 the Plaintiffs filed for relief pursuant to Chapter 7 of the U.S. Bankruptcy Code. That case was filed in the Northern District of Illinois, Eastern Division and was assigned case number 10-07335.

10.     At the time of filing of the Chapter 7, Green Tree was still the servicer for the Plaintiffs' home equity loan.

11.     When the Plaintiffs filed their Chapter 7, they listed Green Tree as a creditor on Schedule D of their petition. (See attached copy of Schedule D attached hereto as Exhibit #1).

12.     A Notice of Bankruptcy Case Commencement was sent via electronic service by the Clerk of the U.S. Bankruptcy Court to Green Tree Servicing, LLC at its preferred verified address at: RMSC.com. A copy of that Notice of Bankruptcy Case Commencement is attached hereto as Exhibit #2.

13.     On June 1, 2010, Plaintiffs received a Notice of Discharge issued by the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division. On that

same date the Clerk of the Court sent a Notice of Discharge to all creditors, including Green Tree. (See Notice of Service attached hereto as Exhibit #3). The Debt owed by Plaintiffs to Green Tree was never reaffirmed.

14. In March of 2011, Plaintiffs began receiving calls from Green Tree seeking payment of the discharged debt. At first, Plaintiffs ignored the calls and/or felt no concern about the calls. However, beginning in August of 2011, the calls from Green Tree started coming with alarming frequency. Sometimes the Plaintiffs would receive multiple calls a day from Green Tree. The calls came from various numbers including 615-756-3236; 615-851-3425; 615-756-3155; 480-383-2290 and 800-234-7101 ext. 64347. Many of the calls came from a person identifying himself as "Tomas". Plaintiffs asked "Tomas" to stop calling on many occasions.

15. On October 14, 2011 and on October 20, 2011, Plaintiffs faxed a written request to Green Tree that asked for Green Tree to stop calling. Despite the request, the calls continued. On October 31, 2011 Green Tree called Plaintiffs home telephone number eight times. Green Tree also began contacting members of Plaintiffs' family at their residences.

16. In total, Green Tree has contacted the Plaintiffs by phone not less than fifty-five (55) times, the most recent call coming on November 1, 2011.

## COUNT 1

### Violations of the Fair Debt Collection Practices Act

17. The allegations of paragraphs 1 through 16 of this Complaint are realleged and incorporated by reference.

18. Green Tree is a debt collector as that term is defined under the FDCPA.

19. Green Tree's actions violated 1692(d) of the FDCPA as it was intended to harass, oppress or abuse the Plaintiffs as the debt being collected could not legally be collected due to the bankruptcy discharge.

20. Green Tree's actions violated 1692(e)(2) and 1692 (e)(10) of the FDCPA as it was a false and misleading representation of the legal status of the debt as being one that could be collected.

21. Green actions violated 1692(f)(1) of the FDCPA as the debt was discharged in bankruptcy and its collection is not permitted by law, thereby rendering any means to collect as unfair and unconscionable.

## COUNT 2

### Violation of 11 U.S.C. § 523 Discharge Injunction

22. The allegations of paragraphs 1 through 21 of this Complaint are realleged and incorporated by reference.

23. Green Tree had actual knowledge that the Plaintiffs received a Chapter 7 discharge. Despite this knowledge, Green Tree continued to attempt collect a debt that was subject to the 11 U.S.C. § 523 Discharge Injunction issued by the bankruptcy court on June 1, 2010.

24. The Plaintiffs further allege Green Tree has frustrated the Discharge Injunction and the entire bankruptcy process by continuing to contact Plaintiffs. Moreover, this contact has caused the Plaintiffs unwarranted and unnecessary time, effort and expense in

seeking to enforce rights guaranteed by the Bankruptcy Code. This same conduct of Green Tree has also caused Plaintiffs extreme worry and anxiety. Further, as Jimmy J. Jernstad works third shift as a truck driver, the phone calls made by Green Tree during the day interrupted his sleep and jeopardized his safety and the safety of the public. Accordingly, in order to protect the Plaintiffs and all similarly situated debtors who have completed their bankruptcy cases and secured a full discharge there under, this Court should hold Green Tree in contempt and impose sanctions against Green Tree for its willful violation of the bankruptcy discharge.

**WHEREFORE**, the Plaintiffs, having set forth claims for relief against Green Tree respectfully ask this Court as follows:

- A. That the Plaintiffs recover against the Defendant a sum to be determined by the Court in the form of actual damages for violations of the FDCPA and the U.S. Bankruptcy Code;
- B. That the Plaintiffs recover against the Defendant a sum to be determined by the Court in the form of statutory damages for violations of the FDCPA;
- C. That the Plaintiffs recover against the Defendant a sum to be determined by the Court in the form of punitive damages for violations of the FDCPA and the U.S. Bankruptcy Code;
- D. That the Plaintiffs recover against the Defendant all reasonable legal fees and expenses incurred by their attorneys.
- E. That a permanent injunction be entered forever barring Defendant from contacting Plaintiffs.

  F.  That this Court enter an order with any other relief deemed just and proper.


                /s/ David Linde
                David Linde

David Linde  #6209104
The Fox Valley Legal Group, LLC
1444 N. Farnsworth Ave.
Suite 113
Aurora, Illinois 60505
(630) 898-6500
(630) 405-6784 - fax