Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7974 | **DATE** | 8/2/2012 |
| **CASE TITLE** | Jimmy J. Jernstad, et al. vs. Green Tree Servicing, LLC | | |

**DOCKET ENTRY TEXT**

Motion to Compel Arbitration or, Alternatively, to Dismiss [6] is granted in part and denied in part. Count II is dismissed without prejudice. Defendant's motion to compel arbitration is denied. Defendant's motion to dismiss Count I remains under advisement.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Before the Court is Defendant Green Tree Servicing LLC's ("Defendant") Motion to Compel Arbitration or, Alternatively, to Dismiss Plaintiffs Jimmy and Pamela Jernstad's (collectively, "Plaintiffs") Complaint. For the following reasons, the motion is granted in part and denied in part.

    On December 8, 2006, Plaintiffs obtained a home equity loan from Irwin Home Equity ("Irwin"), evidenced by a promissory note. The promissory note was secured by a mortgage on the property. In consideration of the mortgage loan, Plaintiffs and Irwin entered into an Arbitration Agreement, dated December 8, 2006. On March 4, 2009, Plaintiffs entered into a loan modification agreement with Mortgage Electronic Registration Systems, Inc., as nominee for Irwin. The loan modification agreement provides that "[a]ll covenants, agreements, stipulations, and conditions in the Note . . . shall be and remain in full force and effect, except as herein modified." Mem. in Supp. of Def.'s Mot. to Compel Arbitration or, Alternatively, to Dismiss Ex. 3. On April 27, 2009, Plaintiffs received notice that the servicing of their loan was being transferred to Defendant. On February 24, 2010, Plaintiffs filed for Chapter 7 bankruptcy (liquidation). Plaintiffs listed Defendant as a creditor on their petition. A Notice of Bankruptcy Case Commencement was electronically sent to Defendant.

    On June 1, 2010, the Bankruptcy Court ordered a discharge of Plaintiffs' debt pursuant to 11 U.S.C. § 727. The Bankruptcy order includes the following information: "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. . . . However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy . . . ." The Discharge of Joint Debtors, In re Jernstad, No. 10-7335 (N.D. Ill. Bankr. June 1, 2010). In other words, Plaintiffs' Chapter 7 discharge extinguished their personal liability for any deficiency on the debt. Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991). Defendant's right to foreclose on the mortgage, however, survives the bankruptcy. Id. at 83. As such, Defendant's "right to payment" is its right to the proceeds from the sale of the property. Id.

    Plaintiffs allege that from March of 2011 through November 1, 2011, they received not less than fifty-

five calls from Defendant seeking payment of the discharged debt. On October 14, 2011 and October 20, 2011, Plaintiffs faxed a written request to Defendant asking it to stop calling. Plaintiffs allege that notwithstanding the requests, the calls continued. Plaintiffs further allege that Defendant not only called them, but called other members of their family. Plaintiffs' two-count Complaint avers that Defendant violated both the Fair Debt Collection Practices Act ("FDCPA") (Count I), and the discharge injunction issued by the Bankruptcy Court (Count II).

As an initial matter, the Court notes that an order discharging a debtor from his debts "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). "[T]he sole remedy for a violation of § 524 is a contempt action brought in the bankruptcy court that issued the order of discharge." Peeples v. Blatt, No. 00 C 7028, 2001 WL 921731, at *5 (N.D. Ill. Aug. 15, 2001) (citing Cox v. Zale Del., Inc., 239 F.3d 910, 917 (7th Cir. 2001)). Thus, Count II, alleging a violation of the Bankruptcy Court's discharge injunction, is dismissed without prejudice. Plaintiffs may be able to reopen the bankruptcy proceeding to pursue this claim. See Cox, 239 F.3d at 917.

Plaintiffs claim under the FDCPA, however, may proceed in this Court. See Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004). Defendant moves the Court to compel arbitration pursuant to the pre-bankruptcy Arbitration Agreement. In ruling on a motion to compel arbitration, the Court determines "whether the parties' grievance belongs in arbitration," but does not "rule on the potential merits of the underlying dispute between the parties." Lumbermens Mut. Cas. Co. v. Broadspire Mgmt. Servs., Inc., 623 F.3d 476, 480 (7th Cir. 2010) (internal quotation marks and citation omitted). The Court evaluates: (1) whether there is a valid agreement to arbitrate the issues raised in the complaint; and (2) whether the scope of the arbitration agreement is broad enough to encompass the dispute. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-27 (1985); see also Janiga v. Questar Capital Corp., 615 F.3d 735, 741-42 (7th Cir. 2010) (citations omitted).

Defendant assumes, without citing to any authority, that the Arbitration Agreement survives the Chapter 7 discharge. It has not escaped the Court's attention that Defendant is no stranger to this issue. See Green Tree Servicing, L.L.C. v. Fisher, 162 P.3d 944, 948 (Okla. App. Ct. 2007) (concluding that the arbitration clause in the promissory note and security agreement was unenforceable because "Green Tree's alleged attempt to improperly collect money . . . that was no longer due . . . occurred after the contractual relationship had been terminated by discharge in bankruptcy," and "the acts giving rise to the cause of action did not have their roots in the former contract, but in alleged behavior that occurred *subsequent* to the contract's termination"). But see Green Tree Servicing, LLC v. Brough, 930 N.E.2d 1238, 1242-43 (Ind. App. Ct. 2010) (concluding that the arbitration clause in the retail installment contract was not invalidated by the bankruptcy discharge).

The Court finds that Plaintiffs' bankruptcy discharge rendered the parties' Arbitration Agreement unenforceable. "What is discharged is a claim to payment." Bethea v. Robert J. Adams & Assocs., 352 F.3d 1125, 1128 (7th Cir. 2003). Indeed, "one of the central purposes of the Bankruptcy Code . . . is to give debtors a fresh start." United States v. Johns, No. 11-3299, 2012 WL 2899060, at *11 (7th Cir. July 17, 2012) (citations omitted). Necessarily then, the pre-bankruptcy Arbitration Agreement—entered into in consideration of the mortgage loan (outlining the borrower's promise to pay)—is unenforceable. Additionally, as Plaintiffs point out, the parties did not sign a reaffirmation agreement. See In re Turner, 156 F.3d 713, 718 (7th Cir. 1998) ("A reaffirmation agreement is the only vehicle through which a dischargeable debt can survive a Chapter 7 discharge." (citation omitted)). Accordingly, the Court concludes that the Arbitration Agreement is not applicable to Plaintiffs' claim under the FDCPA. Defendant's motion to compel arbitration is therefore denied. Defendant's motion to dismiss Plaintiffs' claim under the FDCPA remains under advisement.
    IT IS SO ORDERED.